IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>LHF PRODUCTIONS, INC.,<br><br>Petitioner. | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR 17 U.S.C. 512(h) SUBPOENA**<br><br>Case No. 2:18-mc-00968-DN<br><br>District Judge David Nuffer |

LHF Productions Inc. ("LHF") filed a request ("Request")[1] under the Digital Millennium Copyright Act, specifically 17 U.S.C. § 512(h), for issuance of a subpoena to Comcast Cable, an internet service provider ("ISP"), for the purpose of obtaining the subscriber information for 33 internet protocol addresses.

Section 512(h) provides that a copyright owner may request the clerk of any district court[2] to issue a prelitigation subpoena to an ISP "for identification of an alleged infringer."[3] This provision only applies to ISPs that directly store, cache, or provide links to infringing material.[4] It does not apply to ISPs that merely function as a conduit for infringing material.[5]

---

[1] Request for 17 U.S.C. 512(h) Subpoena to Service Provider ("Request"), docket no. 1, filed December 21, 2018.

[2] Although any district court may issue a subpoena under § 512(h), "the subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Section 512(h) "does not say that every district court has jurisdiction to issue a subpoena compelling action from persons outside of the district." *In re Subpoena to Univ. of N. Carolina at Chapel Hill*, 367 F. Supp. 2d 945, 957 (M.D.N.C. 2005). Here, it is far from clear that this court has personal jurisdiction over Comcast Cable.

[3] 17 U.S.C. § 512(h)(1).

[4] *See In re Charter Communications, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005).

[5] *Id.*

elm

Thus, a subpoena under § 512(h) "may be issued only to an ISP engaged in storing on its servers material that is infringing or the subject of infringing activity."[6]

LHF has not identified any material that Comcast should remove or disable, and there is no assertion that Comcast directly stores, caches, or provides links to infringing material. At most, it appears that Comcast merely acts as a conduit for allegedly infringing material. As a result, § 512(h) does not authorize the subpoena LHF seeks.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Request[7] is DENIED.

The clerk is directed to close this action.

Signed January 10, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[6] *Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003).

[7] Docket no. 1, filed December 21, 2018.